UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT GROVE,

                Petitioner,

-vs-                                              Case No. 8:08-cv-1673-T-17MAP

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.

_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Robert Groves' 28 U.S.C. § 2254 petition for writ of habeas corpus (hereinafter petition). Petitioner challenges his sentence for violating probation imposed in the Thirteenth Judicial Circuit, Hillsborough County, Florida. A review of the record demonstrates that the petition must be denied.

Background

On September 3, 1997, Grove plead guilty to lewd and lascivious act on a child under sixteen and selling, giving or serving alcoholic beverage to a person under age as charged in

case no. 97-13037. Pursuant to his plea terms, he was adjudicated guilty of the offenses. Sentencing him to 14.6 years prison on the lewd act count, the trial court suspended the sentence and placed Grove on two years community control, followed by three years probation. He was sentenced to jail time on the misdemeanor. Grove did not timely appeal the judgment.

Subsequently, Grove was charged with violation of community control. On June 3, 1999, Grove admitted the violation, and the trial court revoked Grove's community control. Grove was again sentenced to a 14.6 year sentence which was suspended, and he was placed on two years community control followed by five years probation.

## Finality of Probation Revocation Judgment

Grove was subsequently charged with violating his probation. After an evidentiary hearing, the trial court, on April 18, 2002, revoked Grove's probation and sentenced him to 14.6 years incarceration. Grove appealed the revocation judgment, and on May 2, 2003, the state district court of appear per curiam affirmed without written decision in case no. 2D02-2199. (Resp. Ex. 4) *Grove v. State*, 847 So. 2d 467 (Fla. 2d DCA 2003)[table]. Grove did not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court.

## State Collateral Proceedings Re: Probation Revocation Judgment

Grove filed a pro se motion to correct illegal sentence dated November 7, 2003, under Florida Rule of Criminal Procedure 3.800(a). (Resp. Ex. 6) By order rendered January 23, 2004, the postconviction court denied the rule 3.800(a) motion without a hearing. Grove did not timely appeal. (Resp. Ex. 7)

Grove filed a pro se petition dated May 10, 2004, seeking a belated appeal of the rule 3.800(a) order. (Resp. Ex. 8) On June 24, 2004, the state district court granted belated review, directing a new case number be assigned the appeal. (Resp. Ex. 11) *Grove v. State*, 895 So.

2d 417 (Fla. 2d DCA 2004). On September 3, 2004, the state district court of appeal affirmed with citation only in case no. 2D04-3054, stating:

> Affirmed. *See McCray v. State*, 838 So. 2d 1213 (Fla. 3d DCA), *review denied,* 857 So. 2d 196 (Fla. 2003).

*Grove v. State*, 884 So. 2d 31 (Fla. 2d DCA 2004). (Resp. Ex. 12) The mandate issued October 4, 2004. (Resp. Ex. 13) In a procedural "aberration," the Court denied his motion for rehearing on November 29, 2004. (Resp. Exs. 14, 15)

Grove improperly sought review of the per curiam affirmance for which jurisdiction did not lie. Accordingly, the Florida Supreme Court dismissed the petition in case no. SC05-131, stating:

> It appearing to the Court that it is without jurisdiction, the Petition for Review is hereby dismissed. *See Dodi Publishing Co. v. Editorial America, S.A.*, 385 So. 2d 1369 (Fla. 1980). No motion for rehearing will be entertained by the Court.

*Grove v. State*, 895 So. 2d 405 (Fla. 2005). (Resp. Ex. 18)

Grove filed a pro se petition for writ of habeas corpus dated July 17, 2006. (Resp. Ex. 19) By order rendered February 5, 2007, the postconviction court denied the petition without a hearing. (Resp. Ex. 20) Grove appealed, and on May 30, 2007, the state district court of appeal per curiam affirmed in case no. 2D07-1177. *Grove v. State*, 957 So. 2d 1175 (Fla. 2d DCA 2007)[table]. (Resp. Ex. 21) The mandate issued June 21, 2007. (Resp. Ex. 22)

### Present Petition

On August 25, 2008, Grove filed the instant pro se 28 U.S.C. 2254 petition which is undated. The federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on all habeas corpus petitions.

Ordinarily, the one-year statute of limitations period for habeas petitions runs from the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward any period of limitation under the AEDPA. 28 U.S.C. § 2244(d)(2); *Wade v. Battle*, 379 F.3d 1254, 1259 (11th Cir. 2004). To be "properly filed," an application must meet the filing deadlines and time limitations on delivery. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Grove challenges only his sentence imposed upon revocation of his probation. Grove's AEDPA limitations period for attacking his revocation judgment is calculated as commencing Monday, August 1, 2003, that is, upon expiration of the time for seeking certiorari review of the silent affirmance in his direct appeal. *See Nix v. Sec'y for Dep't of Corr.,* 393 F.3d 1235, 1236-37 (11th Cir. 2004) (Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review with the Supreme Court expired). More than one year which was not tolled elapsed between the finality of Grove's revocation judgment and the date on which he filed his federal habeas petition.[1]

A period of 97 days elapsed which was not tolled before he filed his November 7, 2003, rule 3.800(a) motion. (Resp. Ex. 6) Because he did not pursue a timely appeal, that motion was no longer pending on February 23, 2004, (that is, upon expiration of the time for appeal following the January 23, 2004, denying relief.). (Resp. Ex. 7) Statutory tolling did not resume until the state court granted a belated appeal on June 24, 2004. (Resp. Ex. 11) By then, an additional period of 121 days had elapsed that was not tolled.

---

[1] Although Grove does not establish a constructive filing date, the timeliness of the petition is not close.

The belated appeal petition does not qualify as a statutory tolling application within the meaning of § 2244(d)(2). No review of the judgment was undertaken during the period of time Grove sought permission to pursue a belated appeal. According to Florida Rules of Appellate Procedure Rule 9.141(c)(1), a petition seeking a belated appeal is "treated as original proceedings under rule 9.100. Such a proceeding does not involve direct or collateral review of a judgment of conviction or sentence in Florida. The normal and ordinary collateral review process of a judgment contemplates a timely notice of appeal from the rendered order. The application for a belated appeal is not an available alternative, at the option of a defendant, to the filing of a timely notice of appeal. In Florida, a grant of a belated appeal -- not the application for such out-of-time review -- is the event which triggers review.

Grove's petition for out-of-time review of the rule 3.800(a) denial did not toll any portion of the limitation period because such application does not constitute a method of review of a judgment. In *Williams v. Crist*, 230 Fed. Appx. 861 (11th Cir. 2006) (unpublished), the Eleventh Circuit looked to how the Florida courts treated a state prisoner's motion for belated appeal. Because the petitioner's request was not deemed a new, separate proceeding, the Court concluded, based on the facts in that case, the petitioner's motion for belated appeal was part of his 3.850 appeal. Thus, the Eleventh Circuit did not reach the Secretary's contention that even if Williams' belated appeal motion was "properly filed" under Florida law, it merely asked for an out-of-time appeal, did not challenge Williams' final conviction, and thus was not an application for post-conviction relief for purposes of § 2244(d)(2). Unlike the facts in *Williams*, there was no review initiated upon Grove's mere lodging a belated appeal petition. Until he obtained permission for the belated appeal, he had no expectation of further collateral review of his judgment upon expiration of the time for taking a timely appeal. It is consistent with the

Florida court's treatment of his belated appeal petition to conclude the request for a belated direct appeal did not operate as an application for state postconviction or other collateral review within the meaning of the tolling statute. That said, the timeliness of the instant petition does not turn on whether his belated appeal petition seeking late review of the rule 3.800(a) order was a tolling application. This is because of the fact that an additional period of more than a year elapsed which was not tolled following the November 29, 2004, denial of rehearing in the ensuing 3.800(a) appeal until Grove constructively filed his July 16, 2006, state habeas petition.

Although the mandate in the ensuing appeal signaled the end of collateral review, the state district court denied rehearing on November 29, 2004 (Resp. Exs. 14, 15), and that later date is accorded Grove for statutory tolling purposes. Thereafter, over a year elapsed that was not tolled before he constructively filed his state habeas petition dated July 17, 2006. (Resp. Ex. 19) Thus, said application, even if deemed "properly filed" for tolling purposes, had no practical tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.)(per curiam)(state-court petition filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled), *cert. denied*, 531 U.S. 991 (2000). In short, an aggregate period of over a year elapsed which was not tolled before Grove filed the instant petition.

Grove's application for review in the Florida Supreme Court of the decision in his rule 3.800(a) appeal does not qualify as a statutory tolling application within the meaning of § 2244(d)(2). (Resp. Ex. 17) The Supreme Court has held an application for state postconviction or collateral relief is not "properly filed" if it was rejected by the state court on statute-of-limitations grounds. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a

state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Similarly, a state's requirements regarding the appropriate court for litigating a postconviction attack, and the appropriate rule for such, are filing conditions, and the failure to comply with such prevents tolling in such circumstance.

The Supreme Court has also made clear the question of whether a proceeding has been "properly filed" does not turn upon whether the state law issue was a jurisdictional time-bar. In *Allen v. Siebert*, 128 S. Ct. 2 (2007), the Supreme Court stated:

> [O]ur holding in *Pace* turned not on the nature of the particular time limit relied upon by the state court, but rather on the fact that time limits generally establish "conditions to filing" a petition for state postconviction relief. . . .
>
> Excluding from *Pace*'s scope those time limits that operate as affirmative defenses would leave a gaping hole in what we plainly meant to be a general rule, as statutes of limitations are often affirmative defenses. . . . Under the Court of Appeals' approach, federal habeas courts would have to delve into the intricacies of state procedural law in deciding whether a postconviction petition rejected by the state courts as untimely was nonetheless "properly filed" under § 2244(d)(2). Our decision in *Pace* precludes such an approach.
> We therefore reiterate now what we held in *Pace*: "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).' "

*Allen v. Siebert, supra* (citations omitted). Thus, in *Allen*, the Supreme Court held that *Pace* controlled the matter, as the state limitations period was a filing condition that was not met, whether jurisdictional or not, and that thus the habeas petitioner was not entitled to tolling of AEDPA's one year statute of limitations. *Id.,* 128 S. Ct. at 4-5.

Similarly, Florida's rules for seeking further review of a state decision in the Florida Supreme Court constitute filing conditions. In Grove's case, the Florida Supreme Court's

determination that jurisdiction did not lie is the end of the matter. (Resp. Ex. 18) *See e.g.*, *Bismark v. Crosby*, 2005 WL 1051435 (M.D. Fla. Mar. 31, 2005) (unpublished)(based on holding of Florida Supreme Court, the final arbiter of Florida law, that it lacks jurisdiction to review such per curiam decisions, Court found state prisoner's attempt to invoke discretionary jurisdiction of the Florida Supreme Court had no tolling effect on the federal limitation period because such relief is not available under Florida law).

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. See *Pace,* 544 U.S. at 418, 417 (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).

Grove's case does not implicate any extraordinary circumstance beyond a petitioner's control which have made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). Grove does not allege any extraordinary circumstance that would have prevented his filing a timely federal petition. He unreasonably tarried before bringing his federal petition upon conclusion of his rule 3.800(a)

appeal, and he does not present a sufficient basis upon which to conclude he used due diligence in pursuing his grounds and seeking habeas corpus relief in a timely manner.

## AEDPA Standards of Review

Even if Grove could surmount 28 U.S.C. § 2244(d)'s time barrier, Grove faces high hurdles in the form of the deferential standards of review of the AEDPA..Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## State Procedural Default Doctrine

Additionally, a § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir.

2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)("Exhaustion of state remedies requires that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights"). 13 courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights").

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138.

"The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891. A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show

there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain,* 53 F. 3d 106, 108 (5th Cir. 1995)(denying certificate of probable cause)(footnote omitted).

The Court will not presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim

-11-

presented. *See Coleman v. Thompson*, 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

## Discussion

Grove claims the state trial court erred in sentencing him. According to Grove, his written sentence does not conform to the state court's oral pronouncement in sentencing him upon revocation of his community control. Grove claims the court pronounced a suspended sentence.

Whether the state court's written sentence comports with the oral pronouncement under Florida law is a matter within the province of the state courts. Federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *See Johnson v. Singletary,* 883 F.Supp. 1535, 1542 (M.D. 1995); *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983); *Jones v. Estelle*, 622 F.2d 124 (5th Cir.), *cert. denied*, 499 U.S. 996 (1980); *Willeford v. Estelle*, 538 F.2d 1194 (5th Cir. 1976). This applies even when such a claim is couched in terms of equal protection and due process. *See Branan v. Booth*, 861 F.2d at 1508.

Moreover, the constitutional dimension of this claim, if any, was not raised and thereby preserved by Grove at sentencing and on direct appeal, and as a result, the claim is procedurally defaulted. This circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.) (claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990)

(under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion).

Nor, alternatively, did Grove raise the federal constitutional dimension of his ground in his rule 3.800(a) motion, which was pursued in state law terms only. Any such federal claim would clearly be barred if Grove returned to state court. *See Coleman*, 501 U.S. at 735 n.1; Tower, 7 F.3d at 210. It would be futile to dismiss the petition and give Grove the opportunity to present a constitutional challenge concerning the conformance of the written sentence to the oral pronouncement because it could have and should have been preserved and raised on direct appeal or alternatively in his rule 3.800(a) motion before appealing an adverse result thereon. Therefore, any claim in such regard would run afoul of the state's doctrines of collateral estoppel and law of the case. *See, Parker v. State*, 873 So.2d 270, 278 (Fla. 2004)(explaining law of the case doctrine bars consideration only of those legal issues that were actually considered and decided in a former appeal, while res judicata bars relitigation in a subsequent case or action not only of claims raised, but also claims that could have been raised); *see also, State v. McBride*, 848 So. 2d 287, 289-90 (Fla. 4th DCA 2003)(while successive 3.800(a) motions are permitted even though claims are those which could have been raised in previously filed 3.800(a) motion, and there is no time limit for seeking such relief, law of the case doctrine prevents relitigation of the same issue previously considered and rejected on merit and reviewed on appeal). By packaging the same legal issue in a different form or format, a party or defendant cannot avoid the impact of the law of the case doctrine: the finality of legal issues once pursued on the merits, to their ultimate conclusion. *Hogan v. State*, 894 So. 2d 1070, 1071 (Fla. 5th DCA 2005).

Grove does not allege and show cause and prejudice to excuse his default. Nor does he allege and meet the fundamental miscarriage of justice exception. Further and alternatively, even if, arguendo, his ground is deemed not to be defaulted, nonetheless, the posture of his ground does not improve. Even under such construct, federal review of this ground is foreclosed because the state decision rests on independent and adequate state grounds, whether viewed as procedural or substantive. The state decision settles that the pronouncement at sentencing is that reduced to writing under Florida law. It is a maxim well rooted in our federalist system that federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. *See Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001)(citing *Coleman,* 501 U.S. at 729).

When an oral sentence conflicts with the written sentence, the oral sentence controls. *See Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936). However, there is no Supreme Court precedent deciding the specific circumstances under which a state court may determine the written judgment is in harmony with the oral pronouncement. In Grove's case, it is objectively reasonable to conclude the oral pronouncement is not in conflict with the written judgment.

Unlike the situation where a state court does not make any findings of fact to which this Court can defer, the state postconviction court in rejecting Grove's sentencing claim found either there was either an error by the court reporter in transcribing the sentencing or the state judge in using the word "a" rather than "the" in imposing the prison term that had been

suspended. And, the court's intent was to impose the prison term of 14.6 years. Grove does not overcome these findings by clear and convincing evidence. 28 U.S.C. § 2254(e).

Because the state court's conclusion is not objectively unreasonable, Grove also fails to meet his burden under 2254(d)(1) or (2). Criminal sentences must "reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them." *United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006). In Grove's case, the state court's true intent is evident from the record. As the postconviction court pointed out, a suspended disposition would have entailed pronouncements of a supervisory term when suspending a sentence. No such supervision was imposed when Grove's probation was revoked. Given the state court's findings, Grove has failed to show his due process rights are being violated by his continuing incarceration on the revocation sentence imposed in his case.

Finally, Grove had ample opportunity to preserve his factual assertions at his sentencing and raise such on direct appeal and/or in a timely rule 3.850 motion, and then on collateral appeal, as appropriate, and his failure to do so is attributable to his own lack of diligence. Grove is barred by 28 U.S.C. § 2254(e)(2) from seeking evidentiary development on any allegation not timely alleged and pursued in state court. Even if, arguendo, § 2254(e)(2) does not preclude a federal evidentiary hearing, Grove nonetheless is not automatically entitled to a hearing. In order to obtain an evidentiary hearing, he must demonstrate he would be entitled to habeas relief on his claim if his factual allegations are proven. *See Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002). In Grove's case, he is not entitled to federal relief on his ground. His factual underpinnings, even if, proven, would not establish the state courts acted contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court at the time.

Accordingly, the Court orders:

That Grove's petition is denied. The Clerk is directed to enter judgment against Grove and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 26, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Robert Grove